UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| DOMINIC BROWN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No.  CV413-074 |
| | )            CR404-161 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### **REPORT AND RECOMMENDATION**

Dominic Brown has submitted for filing his second 28 U.S.C. § 2255 motion, again attacking his 2004 conviction and 300-month sentence for carjacking, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a crime of violence.  (Doc. 1); *see United States v. Brown*, No. CR404-161 (S.D. Ga. Jan. 24, 2005); *Brown v. United States*, No. CV406-087 (S.D. Ga. Oct. 19, 2006) (first § 2255 motion).  Since this is a successive motion, Brown must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement).  In fact, this Court *must* dismiss second or successive petitions, without awaiting any

response from the government, absent prior approval by the court of appeals. *Tompkins v. Sec'y, Dep't of Corrs.*, 557 F.3d 1257, 1259 (11th Cir. 2009); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

Because Brown has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Additionally, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 21st day of May, 2013.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA